CELIA OLMEDO WOOD, Plaintiff and Appellee, *v.* BALBINO BALBÍN ET UX., Defendants and Appellants, and ROMUALDO RIVERA ET AL., Defendants.

No. 9572.   Argued January 10, 1949.—Decided February 24, 1949.

*Félix Ochoteco, Jr.* and *Luis E. Dubón* for appellants.   *Miguel Olmedo Toste* and *José Sabater* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Romualdo Rivera and Celia Olmedo Wood were married in 1918.   In 1920 they acquired a lot on which they built a house in 1922.   Their marriage was terminated in 1935.

In 1938 Pablo Meléndez sued Rivera for collection of money, alleging that the latter had executed a promissory note in his favor on May 15, 1934, and that the note had come due on June 30, 1935, but had not been paid. Meléndez obtained a default judgment for $900 and $100 for costs and expenses. Rivera waived his right of appeal, and the property was sold in execution of the judgment to Philip El Koury for $500, in spite of the fact that it was then valued at $3,000. Celia Olmedo was not a party to this suit, and was never notified of any of the proceedings, despite the fact that the community partnership between her and Rivera had not been liquidated.

In 1938 Celia Olmedo filed a suit against Rivera, Meléndez and El Koury praying for nullity of the judgment obtained by Meléndez against Rivera and of the sale to El Koury, insofar as it affected her one-half interest in the property. She alleged various grounds of nullity, including the allegation that the note was simulated. This complaint was annotated in the Registry of Property.

The district court, after a trial on the merits, dismissed the complaint and Celia Olmedo appealed. While the appeal was pending the district judge who had tried the case and one of the stenographers died before the testimony had been transcribed. We therefore entered an order dated December 18, 1940 granting the motion of the appellees to dismiss the appeal because it had not been perfected. But we did not close the case in that order. Instead, we sent it back to the district court to determine in its discretion, after satisfactory proof by the plaintiff of diligence and the merits of her action, if a new trial should be granted, provided application therefor was made within fifteen days of our order. 57 *D.P.R.* 985-6. (Per Curiam Decision, Dec. 18, 1940.)

Celia Olmedo duly filed a motion in the district court for a new trial on December 28, 1940. This was granted by order of April 3, 1941. We dismissed as frivolous an appeal from that order in 59 P.R.R. 488.

Despite the fact that the motion of December 28, 1940 for a new trial was pending, the defendants filed a motion in the district court praying for cancellation of the notice in the Registry of Property of the pendency of the action. They did not notify the plaintiff of their motion, and on February 15, 1941 obtained an *ex parte* order of cancellation of the *lis pendens* from a district judge who was unaware of the facts. The order for cancellation was presented to the Registrar on February 17 at 2:15 p.m. On that same date, between 3 and 4 p.m., El Koury, who had not yet recorded the deed he obtained by means of the judicial sale, executed a deed to the property in favor of Balbino Balbín. This deed recited that El Koury was selling the property to Balbín for $2,500. At the same time, Balbín executed a mortgage on the property for $1,000 in favor of Joaquina Andrini, who was at that time married to Rivera.

In view of the fact that a new trial had been granted, the case against Rivera, Meléndez and El Koury, in which Balbín was not a party, was retired. The district court held that the note executed by Rivera in favor of Meléndez was simulated and was executed with the sole purpose of defrauding Celia Olmedo of her rights in the property in question. On appeal, we agreed with this view. As to El Koury, we stated that "we are satisfied from all the testimony and the surrounding circumstances that El Koury had actual notice of all the facts at the time of the public sale, making it impossible for him to be a *tercero* under § 34 of the Mortgage Law." We pointed out that "We agreed with the plaintiff that 'the testimony indicates that El Koury was an agent of Rivera, that he was not a purchaser in good faith, and that he was only a straw man.'" Accordingly, we affirmed the judgment against all three defendants. *Olmedo* v. *Rivera*, 65 P.R.R. 45, 48–49.

Balbín and the present wife of Rivera were not parties in the suit disposed of in 65 P.R.R. 45. Celia Olmedo therefore filed a new proceeding—the case now before us on appeal—

against Rivera and his present wife, Joaquina Andrini, Meléndez, El Koury and Balbín and his wife, praying for the nullity of the deed by El Koury to Balbín insofar as the interest in the property of Celia Olmedo was concerned, and of the inscription thereof, and for reinstatement of the notice of *lis pendens*. After a trial on the merits, the district court entered judgment for the plaintiff. Only Balbín and his wife have appealed.

■ As the district court pointed out, there are certain circumstances in the record which cast doubt on the good faith of Balbín. However, we need not rely on these circumstances in order to agree with the conclusion of the lower court that Balbín is not a *tercero* protected by the Mortgage Law. We base our holding on the fact that although the deed of judicial sale in favor of El Koury was executed on May 31, 1938, it was not presented in the Registry of Property until March 6, 1941, the date when all three deeds—the deed to El Koury, the deed of El Koury to Balbín, and the mortgage by Balbín in favor of Joaquina Andrini, second wife of Rivera—were presented to the Registrar. Consequently, when El Koury executed a deed to the property in favor of Balbín on February 17, 1941, the property appeared recorded not in the name of El Koury but in the name of its original owners, Rivera and his wife, Celia Olmedo. In view of these circumstances neither Balbín nor Joaquina Andrini,[1] who has not appealed, could contend that he or she was a *tercero* under Articles 33 and 34 of the Mortgage Law.[2]

---

[1] The judgment appealed from contains no provision as to Joaquina Andrini. This is undoubtedly because the record shows that the mortgage in her favor has been cancelled.

[2] These Sections read as follows:

"Art. 33.—Instruments or contracts which are null under the law are not validated by their admission to record.

"Art. 34.—Notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person *who, according to the registry, has a right to do so,* shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by

■■ As Article 34 shows, in order to invoke successfully the condition of *tercero*, it is necessary that the person who executes the contract in favor of the alleged *tercero* have his title recorded in the Registry of Propery.   If that title was not recorded when the defendant obtained his conveyance, he cannot contend that he acquired it from a person who appeared from the Registry to have a right to transfer the ownership or a real property interest.   *Lizardi* v. *Caballero*, 65 P.R.R. 77.   Under such circumstances, it is not necessary that the defect in the title appear from the Registry, as a person who obtains a conveyance under those conditions is not protected by the Mortgage Law.   He is a *tercero* in accordance with the civil law and as such can obtain no more rights than the person had who conveyed to him.   As the title of El Koury was null, this nullity applied to the title of Balbín, even assuming that the latter had no notice thereof.

We see no basis for interfering with the provision of the judgment awarding the plaintiff $300 in attorney's fees.

The judgment of the district court will be affirmed.

virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

"Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person, with the exceptions mentioned in article 389.

"The provisions of this article shall at no time apply to an instrument recorded in accordance with the provisions of article 390, unless prescription has validated and assured the interest to which said instrument refers."   (Italics ours).